IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-0986-WJM-MEH

GABRIELA J. WRIGHT,

    Plaintiff,

v.

DOUGLAS COUNTY SCHOOL DISTRICT,

    Defendant.

## ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

This matter is before the Court on Defendant's Partial Motion to Dismiss ("Motion"). (ECF 21.) Plaintiff sues Defendant alleging discrimination on the basis of national origin (Polish) in violation of Title VII, 42 U.S.C. § 2000e-2. In her Complaint, Plaintiff also adds a claim of Title VII retaliation. Defendant moves to dismiss the retaliation claim pursuant to Fed. R. Civ. P. 12(b)(1) for Plaintiff's failure to exhaust her administrative remedies. (ECF No. 21 at 1.)

Exhaustion of administrative remedies is a prerequisite to a Title VII lawsuit. It serves two purposes. It gives notice to the employer of the employee's grievance. *Smith v. Cheyenne Retirement Investors, LP*, 904 F.3d 1159, 1164 (10th Cir. 2018). It also gives EEOC the opportunity to resolve the dispute between the employee and employer. To fulfill those goals, the employee must make a good faith effort to cooperate and provide all relevant, available information to EEOC. *Cirocco v. McMahon*, 768 F. App'x 854, 859 (10th Cir. 2019).

That obligation includes identifying all grievances.  An employee must pursue administrative remedies for "each discrete instance of discrimination or retaliation." *Apsley v. Boeing Co.*, 691 F.3d 1184, 1210 (10th Cir. 2012).  The charge must put the EEOC on notice of what is at issue.  *Id.*  What the employee later may litigate in court "is generally limited to the scope of the administrative investigation that can reasonably be expected to follow the [submitted] charge."  *Smith*, 904 F.3d at 1164.  The charge also must contain facts concerning the discriminatory or retaliatory actions underlying each claim.  *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007).  Although a court construes a charge liberally, only those grievances that were subject of EEOC action are considered exhausted.  *Id.*  Moreover, the exhaustion inquiry is limited to the allegation in the charge form, itself.  *Smith*, 904 F.3d at 1165; *Jones*, 502 F.3d at 1187 (explaining that those claim categories that the employee expressly check-marked and the accompanying descriptive text define what was exhausted).

Defendant contends that Plaintiff did not raise retaliation as a claim in her EEOC charge paperwork sufficiently to exhaust it.  (ECF No. 21 at 3.)  United States Magistrate Judge Hegarty discussed the Motion at the Scheduling Conference held June 29, 2021.  Magistrate Judge Hegarty asked Plaintiff about how she proceeded with her EEOC charge.  Plaintiff explained that after considering the matter, she chose to raise only her national origin claim and not a retaliation claim.  In other words, Plaintiff admitted that she did not exhaust the retaliation claim for purposes of the present lawsuit, thereby confessing the Motion.  Moreover, Plaintiff stated her intention to proceed on only the national origin claim.

Accordingly, IT IS ORDERED that Defendant's Partial Motion to Dismiss (ECF No. 21) is GRANTED, and Plaintiff's Title VII retaliation claim is dismissed for the failure to exhaust her administrative remedies.

Dated this 30th day of June, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge